UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY A. SMITH,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 11-J-2481-S |
| **MICHAEL ASTRUE** **Commissioner of Social Security**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her supplemental security income.[1]  The case is now properly before the court. *See* 42 U.S.C. § 405.  At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 26 years old, and had a twelfth grade education (R. 28).  The plaintiff alleged she was in special education and she earned an occupational diploma (R. 29, 186).

At hearing, the plaintiff alleged she could work, but was not currently seeking a job because she had two small children (R. 32).  She claims no physical ailments, takes no medication, has no trouble getting along with others, had no problems with her supervisors or customers at her previous employment, and had no trouble taking care of her children (R. 37).  She alleges she cannot read well, spell well, and has trouble with math and

---

[1] The plaintiff originally filed a claim for disability insurance benefits as well.  At her hearing in front of an Administrative Law Judge, the plaintiff, through counsel, amended her alleged onset date to October 7, 2008 (R. 28) which post-dated her date last insured and hence was a withdrawal of her claim for Title II benefits.  See R. 13.

counting money (R. 38). She does not know how to cook (R. 38). She has a valid driver's license (R. 29), has no problems grocery shopping (R. 34) and has no problem performing routine housekeeping activities (R. 33-34). She alleges she gets nervous and has trouble following directions (R. 39).

The ALJ found that the plaintiff does have an impairment which is severe but did not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 16). Specifically, the ALJ found that the plaintiff had an IQ full range score of 64, but that the same did not meet Listing 12.05 (R. 15-17). The ALJ therefore concluded that the plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with nonexertional limitations of no detailed tasks, infrequent changes in the work environment, assistance with complex goals or long range planning, and only casual interaction with the general public, co-workers, and supervisors (R. 17). Based on these limitations, the ALJ found that the plaintiff was not capable of returning to her past relevant work, but could perform other work which exists in significant numbers in the national economy (R. 18-19). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 19-20).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its

judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

The plaintiff argues that the ALJ erred in failing to find the plaintiff disabled under Listing 12.05C.  Plaintiff's memorandum at 6.  The court finds that the ALJ considered Listings pursuant to 12.05 and further finds that the plaintiff failed to establish that she met or equaled Listing 12.05C.  While the plaintiff asserts that the consultative examiner's report that the plaintiff "probably merits a diagnosis of mild generalized anxiety disorder" should merit consideration as a severe impairment, the court finds no evidence which supports such a conclusion.  Because the plaintiff has provided no evidence of "a physical or mental impairment imposing an additional and significant work-related limitation of function" as required under Listing 12.05C, the plaintiff did not meet her burden of proving disability.  *See e.g., Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) ("An individual claiming Social Security disability benefits must prove that she is disabled"); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir.2003) ("the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim").

Given the sparse evidence of record, this court cannot find that the decision of the ALJ was against the substantial weight of the evidence.  Specifically, the court finds that the plaintiff's own testimony and daily activities contradict her allegation of disability.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standards. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 18th of January, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE